## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| DEMIAN OKSENENDLER, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>NORTHSTAR EDUCATION FINANCE, INC. d/b/a TOTAL HIGHER EDUCATION,<br><br>     Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Demian Oksenendler, individually and on behalf of the other members of the below-defined nationwide and statewide classes (collectively, the "Class"), hereby alleges against Defendant Northstar Education Finance, Inc. d/b/a Total Higher Education ("Northstar" or "Defendant"), upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon investigation of counsel, as follows:

## I. NATURE OF THE ACTION

1. Northstar is a provider of student loans. Beginning in 2001, Northstar began uniformly offering, as part of its loan arrangements, a credit to its borrowers—including Plaintiff and the other Class members—effectively lowering the interest rate for borrowers who were no more than 59 days late in making loan repayments. Northstar referred to this credit as the "T.H.E. Repayment Bonus" (the "T.H.E. Program").

2.      Northstar offered, and Plaintiff and the other Class members accepted as part of their loan agreements with Northstar, the T.H.E. Program (provided Plaintiff and the other Class members made payments no later than 59 days past due) as a material and binding term of their student loans with Northstar.

3.      On February 18, 2008, Northstar committed its first unilateral breach of its loan agreements with its borrowers by suspending the T.H.E. Program.   Northstar attributed this suspension to "the ongoing disruption in the global markets"—a condition or option neither contained in, disclosed, nor otherwise incorporated into Northstar's contracts with Plaintiff and the other Class members.

4.      Class action litigation soon followed, which Northstar settled on a classwide basis with its borrowers on December 14, 2009, by entering into a Settlement Agreement that contractually obliged Northstar to honor the T.H.E. Program for the remaining life of the loans.

5.      Nevertheless, in or about February or March 2020, Northstar *again* unilaterally suspended the T.H.E. Program, this time citing "changes in economic conditions."

6.      Northstar's renewed suspension of the T.H.E. Program is a breach of both its loan contracts and its settlement agreement with Plaintiff and the other Class members, as well as an unfair and/or deceptive trade practice.

7.      Plaintiff was a Northstar borrower at the time of Northstar's latest suspension announcement and was damaged as a result of Northstar's conduct—by losing the benefit

of the T.H.E. Program and increasing the effective interest rate that he was paying on the loans.

8.      Plaintiff and the other Class members complied with the terms of their loan agreements by paying their loans in a timely fashion, thus complying with the terms T.H.E. Program and entitling them to the credit.

9.      Plaintiff brings this action on his own behalf and on behalf of proposed nationwide and California classes of all similarly-situated Northstar customers. Plaintiff, individually and on behalf of the other Class members, seeks compensatory and consequential damages, statutory relief, and to require Northstar to specifically perform its contractual obligations under the terms of that program, as it promised and represented.

## II.      JURISDICTION AND VENUE

10.      This Court has diversity jurisdiction over this action under 28 U.S.C. §§ 1332(a) and (d) because the amount in controversy for the Class exceeds $5,000,000 and Plaintiff and one or more of the other Class members are citizens of a different state than Defendants.

11.      This Court has personal jurisdiction over Northstar because it has its principal place of business in the State of Minnesota and in this District.

12.      Venue is proper in this district under 28 U.S.C. § 1391 because Northstar is headquartered in this District, provides services to members of the Class located in this District, conducts substantial business in this District, resides in this District, or otherwise has sufficient contacts with this District to justify it being fairly brought into court in this District.

### III.    PARTIES

**A.    Plaintiff**

13.    At all times relevant to this action, Plaintiff Demian Oksenendler has been a resident of San Francisco, California.

14.    In or around 2000-2001, upon receiving his undergraduate degree, Plaintiff began researching student loans to finance his law school education.  After extensively researching the various student loan options and lenders, Plaintiff concluded that Defendant Northstar stood out among all others for one benefit alone—it offered a "bonus" program, wherein for every payment paid in full and on time, he, as the borrower, would receive an additional payment or credit to his loan account, made by Northstar (the "T.H.E. Program").

15.    Plaintiff relied on Northstar's representation, and he would not have taken out his loan with Northstar, or would have demanded a lower rate, but for this promise.

16.    Furthermore, to confirm that he understood the T.H.E. Program and all of its benefits before committing, Plaintiff contacted Northstar on at least one occasion and spoke to a customer representative, who assured him that his understanding of the T.H.E. Program was correct.  At no time did Northstar disclose to Plaintiff told that it could revoke the T.H.E. Program for any reason.  Had he been so informed, he would have chosen a different loan or demanded better terms from Northstar.

17.    After graduation in 2004, Plaintiff consolidated his student loan debt with Northstar. Again, he chose to consolidate his loans with Northstar solely because of the promised benefits of the T.H.E. Program.

18.     In 2010, Plaintiff received notice of the settlement of the earlier class action lawsuit against Northstar.  The notice documents assured him and other Class members, among other things, that the core settlement benefit would be the reinstatement of the bonus as a guaranteed benefit.  Plaintiff reasonably relied upon these representations that the T.H.E. Program would be followed to his benefit when deciding to remain in the class.

19.     In March 2020, he received notification that Northstar was once again attempting to retract the T.H.E. Program, in breach of his loan agreement and the prior Class Action Settlement Agreement.

**B.      Defendant**

20.     Northstar Education Finance, Inc. is a Delaware corporation headquartered and having its principal place of business at 930 Blue Gentian Road, Suite 100, Eagan, Minnesota.  Northstar originated the student loans with the T.H.E. Program that were borrowed by Plaintiff and the other Class members.

## IV.   FACTUAL BACKGROUND

**A.      General Background**

21.     Upon graduating from college or graduate school programs, many students choose to enter into loan agreements and/or consolidate their federal student loans with a single lender for convenience and/or to lock in a fixed interest rate on their loans.  The interest rates of federal consolidation loans at origination are determined by the Higher Education Act, 20 U.S.C. §§ 1070, *et seq.*

22.    A prospective student or graduate who is interested in initiating or consolidating his or her student loans has hundreds of lenders in the nation to choose from. Although the original interest rates on federal consolidation loans are set by statute, lenders are free to, and often do, compete for graduates' business by offering them the opportunity to reduce the interest rates on such loans if certain conditions are met.  Once a graduate consolidates his/her federal loans with a single lender, they are ineligible to reconsolidate that loan with another lender.

23.    To give itself a competitive advantage in the marketplace of student loan lenders, beginning in 2001, Northstar's loan agreements contained a provision that a credit would be given to borrowers who paid timely.  Northstar called that credit the "T.H.E. Repayment Bonus" (the "T.H.E. Program").

24.    Under the T.H.E. Program, Northstar uniformly promised to each of its borrowers that this bonus would be paid as a monthly interest rebate credit to all borrowers who were no more than 59 days behind on their loan repayments.  Northstar represented that its T.H.E. Program would effectively reduce the interest rate on borrowers' student loans by a set amount.

25.    Northstar's T.H.E. Program was and is a contractual term of each of Northstar's student loans.   The T.H.E. Program applied not only to the federal consolidation loans originated by Northstar, but also all other types of federal student loans and private student loans that Northstar originated to Plaintiff and the other Class members.

26.     Northstar provided Plaintiff and the other Class members with quarterly form summaries of their federal and private loan accounts before the loans went into repayment. Each of these summaries touted Northstar's T.H.E. Program, and represented that

> The T.H.E. Repayment Bonus is currently being paid out as a monthly credit equal to an annualized interest rate reduction. It is paid to all T.H.E. borrowers in repayment and less than 60 days delinquent.

**B.     Northstar's First Suspension of the T.H.E. Program**

27.     On or about February 18, 2008, Northstar announced that the T.H.E. Program was "suspended" and that it would no longer pay the T.H.E. Repayment Bonus.  In a form letter sent to Plaintiff and the other Class members, Northstar attempted to explain away this breach of its contracts with Plaintiff and the other members of the Class by citing "ongoing disruption in the global markets."  Northstar claimed that the T.H.E. Repayment Bonus "is based on current financial market conditions and portfolio performance and is therefore subject to change. *See* Exhibit A.

28.     Northstar's justification of its suspension of the T.H.E. Program was legally invalid. *Nowhere* in any of the loan documents that Northstar provided to Plaintiff and the other Class members did Northstar reserve a right to change, amend, revoke, withdraw, terminate, discontinue, suspend, cease, modify, and/or alter the T.H.E. Repayment Program in any way.

**C.     The Class Settlement**

29.     Soon after Northstar's first suspension of the T.H.E. Program, affected borrowers filed several class actions against Northstar on behalf of themselves and a nationwide class of similarly-situated borrowers.  These class actions were transferred and

coordinated before Judge Donovan Frank in the multidistrict litigation captioned *In re Northstar Education Finance, Inc. Contract Litigation*, 08-MD-1990 (D. Minn.).

30.    This litigation resolved with entry of a settlement agreement, pursuant to which Northstar agreed to reinstitute the T.H.E. Repayment Program.  (*See* Exhibit B (the "Settlement").)  Specifically, the Settlement "mandates that the Bonus be paid over the life of Settlement Class Members' loans, except for in certain circumstances set forth below." (*Id.* at 16.)

31.    The "certain circumstances" described in the Settlement have not been triggered such that Northstar may legally suspend the T.H.E. Repayment Program.

32.    The Settlement also provides:

> Given the ongoing nature of the relationship between Northstar and the Settlement Class, Class Counsel shall have the right to audit Northstar's compliance with the terms and conditions of this Settlement Agreement if they become aware of credible evidence of Northstar's noncompliance. In the event that Class Counsel establishes Northstar has not complied with the terms and conditions of this Settlement Agreement, Class Counsel shall be entitled to reasonable attorneys' fees and costs – to be paid by Northstar – for their work conducted in connection with requiring Northstar's compliance.

(*Id.* at 32-33.)   Two of the three court-appointed Class Counsel invested with this responsibility, Adam J. Levitt and Robert K. Shelquist, are also counsel for Plaintiff and the proposed Class here.  (The third, Charles S. Zimmerman, has passed away.)

**D.    Northstar's Latest Suspension of the T.H.E. Program**

33.    In or about February or March 2020, Northstar *again* suspended the T.H.E. Program.  In yet another form letter sent to Plaintiff and the other Class members, Northstar this time attempted to explain away this suspension by citing "changes in economic

circumstance."  Nowhere in the letter does Northstar even mention its obligation under the Settlement to pay the T.H.E. Repayment Bonus, let alone attempt to justify the suspension as a contractual matter.  Instead, Northstar falsely claims in the form letter that the T.H.E. Program was merely a "gratuitous reduction."  (*See* Exhibit C.)

34.     Northstar did not send any notice of this suspension to counsel for the Settlement class to allow for their ongoing oversight over the T.H.E. Program that the Settlement requires.

35.     Northstar's latest failure to honor its contractual obligation to maintain the T.H.E. Program and to pay the T.H.E. Repayment Bonus is a breach of both its underlying loan contracts and its Settlement with Plaintiff and each of the other Class members and is an unfair and/or deceptive trade practice.  Northstar's conduct has caused, and continues to cause, Plaintiff and the other Class members to suffer economic harm.

## V.   CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

37.     Plaintiff seeks to represent a class (the "Nationwide Class") defined as:

All persons and entities in the United States who obtained or co-signed a student loan held by Northstar or a wholly-owned subsidiary of Northstar at the time of the Re-Suspension of the T.H.E. Program in or about February to March, 2020.

38.     Plaintiff also seeks to represent a statewide class (the "California Class") defined as:

All persons and entities who obtained or co-signed a student loan held by Northstar or a wholly-owned subsidiary of Northstar in California at the time of the Re-Suspension of the T.H.E. Program in or about February to March, 2020.

39.     Excluded from all Classes are Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the Court staff assigned to this case and their immediate family members.  Plaintiff reserves the right to modify or amend these Nationwide and California Class definitions, as appropriate, during the course of this litigation.

40.     This action has been brought and may properly be maintained on behalf of the Nationwide and Statewide Classes proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

41.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of the Nationwide and California Classes are so numerous and geographically dispersed that individual joinder of all class members is impracticable.  While Plaintiff is informed and believes that there are thousands of members of the Nationwide and California Classes, the precise number of Nationwide and California Class members is unknown to Plaintiff but may be ascertained from Northstar's books and records.  Nationwide and California Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

42.     **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which

predominate over any questions affecting individual Nationwide and California Class members, including, without limitation:

      a.     whether Northstar participated in, or committed the wrongful conduct alleged herein;

      b.     whether Northstar's acts, transactions, or course of conduct constitute the violations of law alleged herein;

      c.     whether Plaintiff and the other Class members have sustained and/or continue to sustain damages by reason of Northstar's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages;

      d.     whether Plaintiff and the other Class members are entitled to compensatory and/or statutory damages; and

      e.     whether Plaintiff and the other Class members are entitled to declaratory, injunctive, or other equitable relief.

43.     **Typicality—Federal Rule of Civil Procedure 23(a)(3)**.  Plaintiff's claims are typical of the other Nationwide and California Class members' claims because they each arise from the same course of conduct by Northstar and are based on the same legal theories.  Plaintiff and the other Nationwide and California Class members suffered damages as a direct proximate result of the same wrongful practices in which Northstar engaged.  Accordingly, Plaintiff satisfies Rule 23(a)(3)'s "typicality" requirements with respect to the Classes he seeks to represent.

44.     **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4)**. Plaintiff is an adequate Class representative because his interests do not conflict with the

interests of the other Nationwide and California Class members who he seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The Nationwide and California Classes' interests will be fairly and adequately protected by Plaintiff and his counsel.

45. **Risk of Inconsistent Adjudications—Federal Rule of Civil Procedure 23(b)(1)**. Absent a representative class action, Class members would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual borrowers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated borrowers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Northstar. The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(l).

46. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2)**. Northstar has acted or refused to act on grounds generally applicable to Plaintiff and the other Nationwide and California Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Nationwide and California Class members as a whole.

47. **Superiority—Federal Rule of Civil Procedure 23(b)(3)**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the

other Nationwide and California Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Northstar, so it would be impracticable for the Nationwide and California Class members to individually seek redress for Navistar's wrongful conduct.  Even if the Nationwide and California Class members could afford litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.    CLAIMS FOR RELIEF

**A.    Claim Brought on Behalf of the Nationwide Class**

### COUNT 1
### BREACH OF CONTRACT (STUDENT LOAN AGREEMENT)

48.    Plaintiff repeats and realleges Paragraphs 1-47, as if fully set forth herein.

49.    Plaintiff brings this Count individually and on behalf of the other members of the Nationwide Class (the "Class," for purposes of this Count).

50.    Plaintiff and the other Class members entered into and executed student loan agreements with Northstar.

51.    The relevant material terms of the student loan contracts with Plaintiff and the other Class members included NorthStar's obligation to honor the T.H.E. Repayment Bonus on all student loans for which repayments are no more than 59 days late.

52.     Plaintiff and the other Class members have fully performed all of their obligations under their Northstar loan contracts.

53.     In or about February or March, 2020, NorthStar breached its contractual obligations to Plaintiff and the other Class members by suspending the T.H.E. Program and has continued to breach its loan agreement by not honoring the credit to which Plaintiff and the other Class members are contractually entitled.

54.     Northstar's conduct breaching its contractual obligations, and its failure to continue to provide the T.H.E. Repayment Bonus to Plaintiff and the other Class members, is unjustified and unexcused under the terms of its form contract(s) with Plaintiff and each of the other Class members.

55.     Plaintiff and each of the other Class members have been damaged by Northstar's suspension of the T.H.E. Program for each of their loans with Northstar, in an amount to be determined at trial.

## COUNT 2
## BREACH OF CONTRACT (SETTLEMENT AGREEMENT)

56.     Plaintiff repeats and realleges Paragraphs 1-47, as if fully set forth herein.

57.     Plaintiff brings this Count individually and on behalf of the other members of the Prior Settlement Class (the "Class," for purposes of this Count).

58.     Plaintiff and the other Class members are also members of the Settlement class in *In re Northstar Education Finance, Inc. Contract Litigation*, in which Northstar entered into a Settlement.

59.     The relevant material terms of Northstar's Settlement with Plaintiff and the other Class members included NorthStar's obligation to honor the T.H.E. Repayment Bonus on all student loans for which repayments are no more than 59 days late.

60.     Plaintiff and the other Class members have fully performed all of their obligations to maintain the T.H.E. Repayment Bonus under the Settlement.

61.     In or about February or March, 2020, Northstar breached its contractual obligations to Plaintiff and the other Class members by suspending the T.H.E. Program and has continued to breach the Settlement by not honoring the credits to which Plaintiff and the other Class members are entitled.

62.     Northstar's conduct breaching its contractual obligations, and its failure to continue to provide the T.H.E. Repayment Bonus, is unjustified and unexcused under the terms of its Settlement with Plaintiff and each of the other Class members.

63.     Plaintiff and each of the other Class members have been damaged by Northstar's suspension of the T.H.E. Program for each of their loans with Northstar, in an amount to be determined at trial.

**COUNT 3**
**VIOLATION OF MINNESOTA UNIFORM**
**DECEPTIVE TRADE PRACTICES ACT**
**Minn. Stat. § 325D.43-.48**

64.     Plaintiff repeats and realleges Paragraphs 1-47, as if fully set forth herein.

65.     Plaintiff brings this Count individually and on behalf of the other members of the Nationwide Class (the "Class," for purposes of this Count).

66.     The Minnesota Uniform Deceptive Trade Practices Act, Chapter 325D of the Minnesota Statutes, prohibits the use of deceptive trade practices in the course of business.

67.     In the course of its business, by its above-described conduct, Northstar engaged in one or more acts characterized as "deceptive trade practices" pursuant to Minn. Stat. § 325D.43-.48, as set forth herein, including:

   a.   Minn. Stat. § 325D.44(5): "represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;"

   b.   Minn. Stat. § 325D.44(7): "represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and

   c.   Minn. Stat. § 325D.44(13): "engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."

68.     By representing that the interest rates on the student loans of Plaintiff and each of the other Class members would be reduced by the T.H.E. Repayment Bonus, and then unilaterally revoking its T.H.E. Repayment Bonus program, Northstar violated the Minnesota Uniform Deceptive Trade Practices Act.

## COUNT 4
## VIOLATION OF MINNESOTA
## PREVENTION OF CONSUMER FRAUD ACT
### Minn. Stat. § 325F.68-.70

69.     Plaintiff repeats and realleges Paragraphs 1-47, as if fully set forth herein.

70.     Plaintiff brings this Count individually and on behalf of the other members of the Nationwide Class (the "Class," for purposes of this Count).

71.     The Minnesota Prevention of Consumer Fraud Act prohibits "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise…." Minn. Stat.§ 325F.69.

72.     By representing that the interest rates on the student loans of Plaintiff and the other Class members would be reduced by the T.H.E. Repayment Bonus, and then unilaterally revoking the T.H.E. Repayment Bonus, NorthStar violated the Prevention of Consumer Fraud Act.

**B.     Claims Brought on Behalf of the California Class**

<u>**COUNT 5**</u>
**VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**
**Cal. Civ. Code. §§ 1750, *et seq*.**

73.     Plaintiff repeats and realleges Paragraphs 1-47, as if fully set forth herein.

74.     Plaintiff brings this Count individually and on behalf of the other members of the California Class (the "Class," for purposes of this Count).

75.     The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civil Code § 1760.

76.     Northstar is a "person" as defined by California Civil Code section 1761(c) ("'Person' means an individual, partnership, corporation, limited liability company, association, or other group, however organized.").

77.     Plaintiff and the members of the California Class are "consumers" within the meaning of California Civil Code section 1761(d) ("'Consumer' means an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes.").

78.     Northstar provided Plaintiff and the Class "services" within the definition of California Civil Code section 1761(b) ("'Services' means work, labor, and services for other than a commercial or business use…."). Specifically, in addition to the credit itself, the loan packages at issue and sold to Plaintiff and the Class included the following services: management of the T.H.E. Program, application of the bonuses earned under the program, customer service and counseling regarding the terms of the T.H.E. Program and loan servicing.

79.     Plaintiff and the other Class members' purchases of the loans are "transaction[s]" as defined by California Civil Code section 1761(e) ("'Transaction' means an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement.").

80.     Venue is proper pursuant to California Civil Code section 1780(d) because Northstar has its principal place of business and is doing business in Dakota County, which

is in the District of Minnesota. A declaration establishing this Court as a proper venue for this action is attached hereto as Exhibit D.

81.     By misrepresenting the benefits and terms of the loans and application of the T.H.E. Repayment Bonus Program, failing to apply the bonuses as promised, and/or by failing to disclose that Northstar may unilaterally discontinue applying bonuses, Northstar violated, *inter alia*, California Civil Code sections 1770(a)(2), (5), (7), (9), (13), (14), (16) and (19).

82.     At all relevant times, Northstar misrepresented that Plaintiff and Class Members would be entitled to the promised bonus as long as they made their payments ontime and in full. At all times relevant, Northstar failed to disclose and entered into the loan agreements knowing that it intended to reserve its ability to unilaterally breach the terms of the bonus program. At all times relevant, Northstar actively concealed the true nature of its bonus program.

83.     The omissions and misrepresentations set forth herein are material facts that any reasonable person would have considered important in deciding whether or not to select Northstar for his or her student loan financing. Indeed, Plaintiff and the other Class members justifiably acted or relied upon these misrepresentations and omissions when deciding to purchase the loans and bonus programs.

84.     Had Northstar disclosed the true quality, nature and drawbacks of its services, Plaintiff and the other Class members would not have purchased (or would have negotiated better rates or terms for) the loans.

85.     Northstar engaged in the deceptive practices alleged herein, in violation of the CLRA, to induce Plaintiff and the other Class members to select their loans over competitors' loan products and services.

86.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant under the CLRA for injunctive relief as may be appropriate and an award of attorneys' fees and costs.

87.     Pursuant to California Civil Code section 1782(a), Plaintiff served Northstar with notice of the alleged violations of the CLRA on behalf of himself and all other Class members by certified mail, return receipt requested, on March 26, 2020.  A copy of this notice is attached hereto as Exhibit E.  If after 30 days Northstar fails to adequately address and correct the violations alleged herein for Plaintiff and the Class, Plaintiff will amend this Complaint to seek actual and punitive damages as permitted under the statute on behalf of himself and the Class.

## COUNT 6
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code. §§ 17200, *et seq.*

88.     Plaintiff repeats and realleges paragraphs 1-47, as if fully set forth herein.

89.     Plaintiff brings this Count individually and on behalf of the other members of the California Class (the "Class," for purposes of this Count).

90.     Northstar committed acts of unfair, unlawful, and fraudulent competition by marketing and selling student loan products to Plaintiff and the other Class members that did not have the promised benefits and savings.   Specifically, Northstar's acts were

fraudulent and unfair because they failed to disclose that the promised T.H.E. Repayment Bonus could be revoked or modified at any time with the intention to induce Plaintiff and the other Class members to rely on such benefits, and because Northstar willfully breached the earlier Settlement Agreement.

91.     Such acts are inherently unfair because they breach public policy governing student loans and basic terms of decency.  Northstar's acts are also unlawful because they violate, among other things, California Civil Code sections 1668, 1709, 1750, *et seq.* and the common law.

92.     Plaintiff would not have entered into the loan agreement but for the T.H.E. Repayment Bonus promise or would have demanded better terms.  As a result, Plaintiff lost money and suffered an injury in fact because of Northstar's violations.

93.     Plaintiff, therefore, seeks an injunction against Northstar preliminarily, and permanently enjoining it:  (a) from continuing to engage in unlawful and unfair conduct and ordering it to reinstate the promised T.H.E. Repayment Bonus benefits secured under the terms of the loan and the Settlement Agreement; (b) reimbursing all unlawful retained profits and unlawfully collected fees retained as a result of these practices; and (c) ordering that the T.H.E. Repayment Bonus be reinstated consistent with both the student loan agreement and Settlement Agreement.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Nationwide and California Classes, respectfully requests that the Court enter judgment in their favor and against Defendant, Northstar Education Finance, Inc., as follows:

a.      Declaring that this action is a proper class action, certifying the Nationwide and California Classes as requested herein, designating Plaintiff as Nationwide and California Class Representative, and appointing Adam J. Levitt, Jennie Lee Anderson, and Robert K. Shelquist as Class Counsel;

b.      Enjoining Northstar from continuing the unfair business practices alleged in this Complaint;

c.      Ordering Northstar to pay actual and statutory damages  and restitution to Plaintiff and the other Nationwide and California Class members, as allowable by law;

d.      Ordering Northstar to pay both pre- and post-judgment interest on any amounts awarded;

e.      Ordering Northstar to pay attorneys' fees and costs of suit; and

f.      Ordering such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  March 26, 2020                    **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

By:  s/  Robert K. Shelquist
Robert K. Shelquist, #21310X
100 South Washington Avenue, Suite 2200
Minneapolis, Minnesota  55401
Telephone:  612-339-6900
rkshelquist@locklaw.com

Adam J. Levitt
John E. Tangren
Adam M. Prom
DICELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com

Jennie Lee Anderson
ANDRUS ANDERSON LLP
115 Montgomery Street, Suite 900
San Francisco, California  94104
Telephone: 415-986-1400
jennie@andrusanderson.com

**Counsel for Plaintiff and the Proposed Classes**